**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Caribbean Management Group, Inc.<br><br>**Plaintiff**<br><br>V.<br><br>Erich A Koeniger, his wife Mary Doe and the conjugal partnership constituted between them; Erikon, L.L.C.; Koeniger Development Inc.; Caribbean Seaside Height Properties Inc.<br><br>**Defendants** | **CIVIL NO.**<br><br>**DECLARATORY JUDGMENT AND DAMAGES** |

**COMPLAINT**

**I.      INTRODUCTORY STATEMENT:**

1.      This action arises from a transaction between plaintiff and defendants which contemplates in essence the sale of two lots of land, plus all the engineering designs, permits, public authorizations and/or endorsements and any other similar component which must be secured to be able to develop a real estate project in accordance with applicable Puerto Rico law (hereinafter referred to in combination as "*the permits' package*").  The original contract was executed on or about April 13, 2006.  The project in question is known as the Christopher Columbus Landing Project.

2.      With respect to the conveyance of the permits package, the deferred payment of part of its purchase price was evinced by a promissory note in the amount of $7,500,000.00, executed by the plaintiff, Caribbean Management Group ("*CMG*"), on December 27, 2007, which note calls for the payment of two consecutive one hundred and twenty (120) days

installments; the first one in the amount of **FOUR MILLION DOLLARS** ($4,000,000.00), and the second one in the amount of **THREE MILLION FIVE HUNDRED DOLLARS** ($3,500,000.00).  Interest at the rate of five percent (5%) would accrue over each installment since the day each one is due until its full payment.

  3. In another vein, an architect named Evelio Pina Perez was claiming to have been the author, designer, owner and/or facilitator, as the case may be, in securing all the components of the permits package.  His claim, which was brought for elucidation in this Court in Civil Case No. 06-1661 ended in a settlement entered into on April 27, 2007 for the sum of **FIVE HUNDRED THOUSAND DOLLARS** ($500,000.00).  Out of the settlement monies, $250,000.00 would be paid by defendant Koeniger Development Inc., on or before April 30, 2007, and the other $250,000.00 would be paid by CMG, which sum would be subsequently deducted from the amount owed by the latter on account of the promissory note referred to in the preceding paragraph.

  4. Meanwhile, on December 30, 2006, the parties amended the option contract entered into in April 2006—to which reference is made in paragraph one (1) of this complaint.  Relevant to this case is the following passage:

> RELEASES:
>
> Caribbean Seaside, David Wishinksy Kerr, Koeniger and Erikon agree that the following releases will be supplied to CMG for services rendered by professionals as follows:
>
>   1. Legal fees in the sum of $450,000.00 for Jose Ferrari Perez shall be paid by Koeniger and Erikon in the sum of $200,000 upon the signing of the promissory note and the receipt of the initial payment of $4,000,000

by Koeniger and Erikon, and $125,000 upon the receipt of each subsequent payment called for in the promissory note. Jose Ferrari Perez accepts the foregoing and stipulates that he will no later than the date of the promissory note referred to herein, execute a release of any claims on the property that is the subject of the sale of real property agreement hereinabove referred to and intervenes herein to acknowledge same;

2.      Caribbean Seaside and David Wishinksy Kerr will provide a release from Architect Evelio Pina for any claims that Architect Evelio Pina may have against them as a creditor at the signing of this Amendment.

3.      Koeniger and Erikon agree to place in escrow $250,000 in First Federal Bank in Puerto Rico at interest to satisfy the release of Architect Evelio Pina against Koeniger or Erikon in connection with work he claims to have performed on the Christopher Columbus Landing Project in Aguadilla, Puerto Rico. The escrow funds shall be deducted by CMG from the $3,000,000.00 referred to in the "Purchase Price" amendment referred to herein, and shall be paid to the First Federal Bank by CMG upon the. execution of the escrow fund agreement between Erikon, Koeniger and the bank; The escrow agreement shall provide that the escrowed funds will be paid to Pina upon a final judgment being rendered against Koeniger or Erikon or upon the joint consent of Koeniger, Erikon, and Pina. In the event a judgment against Koeniger and/or Erikon is for an amount in excess of $250,000.00, Koeniger and/or Erikon shall be responsible for such excess. This amendment to the Agreement shall be interpreted only as a temporary solution from CMG to continue and conclude the Purchase/Sale Agreement

by procuring the Architect release in favor of CMG, but shall not be interpreted as a complete waiver from SELLER's obligation to procure and obtain the Architect's release whenever the conclusion of the case Docket Num. 06-1 661 (JAG), Federal Court for the District of Puerto Rico, between Evelio Pina & Assoc., Evelio Pina vs KOENIGER DEVELOPMENT, INC., ERIKON, LLC, y ERICH KOENIGER either by judgment or transaction between the parties.

4.  Caribbean Seaside, Koeniger, Erikon, Erich Koeniger and David Wishinsky Kerr will execute releases in favor of CMG upon the execution of this Amendment for all claims made by any other known or unknown persons who have a claim against them in connection with the Christopher Columbus Landing Project in Aguadilla, Puerto Rico;

Erich Koeninger, Erikon and David Wishinsky Kerr and Caribbean Seaside shall execute mutual releases in favor of each other.

In all other respects, all of the terms and conditions of the original Sale of Real Property Agreement hereinabove referred to are reaffirmed and reiterated.

5.  Plaintiff brings this action seeking the Court to declare that defendants' belated compliance with the guarantees regarding the promised unencumbered title over the permits package entitle the plaintiff to a commensurate shift in the time spans for the compliance of the obligations acquired by them in the December 27, 2006 note, plus the damages that such delay in compliance entailed to the plaintiff, damages which surpass the diversity of citizenship jurisdictional amount of $75,000.00.

## II.     JURISDICTION AND VENUE:

6.     This is an action for declaratory judgment and damages under Puerto Rico applicable law.  This Honorable Court has jurisdiction over the instant action pursuant 28 U.S.C. Sec. 1332, since there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interests, costs and attorneys' fees.  Venue is proper pursuant to 28 U.S.C. Sec 1391, as this action is brought in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. In this respect, the parties also agreed implicitly that, should federal jurisdiction otherwise existed, the Puerto Rico Federal District Court would have venue in that forum over any pertinent cause of action among the parties.

## III.    JURY TRIAL REQESTED:

7.     Plaintiff do hereby request a jury trial on all aspects of this action so triable.

## IV.    PARTIES:

8.     Plaintiff Caribbean Management Group, Inc., is a Puerto Rico corporation duly recorded and in good standing with the Puerto Rico Department of State, which is authorized to conduct business in the Commonwealth of Puerto Rico.  Its  principal place of business lies at State Road Number 2, Kilometer 86.4, Building 193, Suite 1, Hatillo, Puerto Rico 00659.

9.     The defendant Erich A Koeniger is a natural person of legal age, business man; to the best of plaintiff's information and belief resident of the State of Louisiana.  His wife, defendant Mary Doe, is a natural person whose personal identity and circumstances are at the present unknown.  To the best information and belief this couple hold a marital relationship in

pending

the nature of a conjugal partnership which is also a named defendant in this case.

10. The defendant, Erikon, L.L.C. is a limited liability corporation duly organized in the State of Louisiana and registered under Number 3443824K, which, by information and/or belief, belongs to defendant Erich A. Koeniger and/or he acts as its resident agent, with address at 232 Lake Marina Dr., Apartment 6A New Orleans, LA 70124-5509.

11. Defendant, Koeniger Development Inc., is a business corporation duly organized in the State of Louisiana and registered under number 3443967D which, by plaintiff's best information and belief belongs to defendant Erich A. Koeniger, where he acts as its sole director. The corporation address is 232 Lake Marina Dr., Apartment 6A, New Orleans, LA 70124-5509.

## V.  FACTS:

12. In April 2006, an option agreement was entered into by Caribbean Seaside Heights Property, Inc., represented by its President Mr. David Wishinsky; Koeniger Development Corporation, a corporation duly incorporated under the laws of the State of Louisiana, with its principal place of business therein; and Koeninger Development Corporation, a limited liability corporation organized under the laws of the State of Lousiana, as one of the parties; and CMG as the other party.

13. Distilled to its essence, the contract referred to in the preceding paragraph consisted in a purchase option granted to the plaintiff over two parcels of land located in Barrio Borinquen de Aguadilla, together with the permits package necessary for the development of a project to be known as Christopher Columbus Landing.

14. Of utmost importance to the controversies raised hereby is the following covenant in the contract:

-6-

The SELLER shall deliver the property free of any encumbrance, any debt of lien including encumbrances or any debt not expressly mentioned in this document, or in the Property Register of Puerto Rico; and expressly agree to satisfy any and all state or municipal property taxes. All of the state or municipal taxes assessed and whiôh might be due up until the date of the execution of the Sale Deeds, shall be satisfied in full by the BUYER. Furthermore, SELLER agrees full disclosure to BUYER of the identity of the PROPERTY and "Christopher Columbus Landing" Project owners, whether natural or juridical persons, its officials, agents, shareholders, or any party(ies) with interest, and also to disclose any negotiations, written or verbal agreements, that might have been entered with any natural or juridical person, within or outside the jurisdiction of Puerto Rico, that may be related or might encumbered any right to the PROPERTY or "Christopher Columbus Landing" Project. Nevertheless, the BUYER can deduct from the payment of the Selling Price, any amount due and that may affect the title of the property or Project, such as but not limited to, the ones above referred, in order to receive the property free of any lien, encumbrances, professional services fees dues, and or any other affecting the property.

15.     The contract entered into by the parties presumably contemplated the execution and perfection of the sale of the land where the Christopher Columbus Landing project was to be developed contemporaneously with the execution of the sale of the corresponding permits package.  Nonetheless, the conveyance of the parcels of land in Barrio Borinquen in Aguadilla took place on November 16, 2006, prior to the perfection of the permits package conveyance.

16.     On June 29, 2006, prior to the conveyance of the aforementioned parcels of land, an architect named Evelio Pina Perez filed an action in the United States Court for the District of Puerto Rico against David Wishinsky, his wife, defendant Jane Doe, and the conjugal partnership constituted between them; and against Erich A Koeniger, his wife, defendant Mary Doe, and the conjugal partnership constituted between them, claiming certain unpaid rights over the permits package.

17.     On its part, on or about September 13, 2006, Koeninger Development Corporation filed and action for damages against Architect Pina in the Civil District Court for the Parish of Orleans in the State of Louisiana.  The jurisdiction of that court over the action in question was predicated on a long-arm-statute theory, alleging that defendant Pina, although not a resident of Louisiana, conducted the relevant businesses in that state.

18.     On January 22, 2007, CMG was advised by a letter from Mr. Evelio Pina Perez's counsel, Attorney Heriberto Alonso-Rivera, that "*Mr. Pina was the architect and a partner on a twenty five percent (25%) basis of the project known as Columbus Landring Resort Project. Attorney Alonso Rivera further sdvised CMG that they were aware that at the time CMG was in negotiations with Mr. Erick Koeninger, David Wishinski and/or their corporate entities Attorney Rivera further alerted CMG that, due to certain disagreements between the partners in question, Mr. Pina was forced to bring an action in the United States Court for the District of Puerto Rico, U.S.D.C.P.R. No. 06-1661 (JAG).*"

19.     Shortly before the date set forth on letter alluded to in the preceding paragraph, the parties to the agreement described in paragraph 12 of this document executed an amendment thereto which, in pertinent part, calls for an outstanding balance of $7,500,000.00 owed by the plaintiff under the original contract to be evinced by a promissory note payable to Koeninger and Erikon, or their order, in two installments, the first one for **FOUR MILLIONS DOLLARS** ($4,000,000.00), due one hundred twenty (120) days from the date of the note, and the second for the sum of **THREE MILLION FIVE HUNDRED DOLLARS** ($3,500,000.00) due two hundred forty (240) days from the day of the promissory note.  Except for changes incompatible with the amended contract the latter established expressly that all other covenants in the original

agreement would remain unaltered.

20.    In accordance with the terms of the amended agreement, a promissory note in line with the terms established in that agreement was executed by CMG on December 27, 2006.

21.    Pursuant to a defendants' covenant in the agreement alluded to in paragraph twelve (12) hereof to the effect that:

> The SELLER shall deliver the property free of any encumbrance, any debt of lien including encumbrances or any debt not expressly mentioned in this document, or in the Property Register of Puerto Rico; and expressly agree to satisfy any and all state or municipal property taxes. All of the state or municipal taxes assessed and whiôh might be due up until the date of the execution of the Sale Deeds, shall be satisfied in full by the BUYER. Furthermore, SELLER agrees full disclosure to BUYER of the identity of the PROPERTY and "Christopher Columbus Landing" Project owners, whether natural or juridical persons, its officials, agents, shareholders, or any party(ies) with interest, and also to disclose any negotiations, written or verbal agreements, that might have been entered with any natural or juridical person, within or outside the jurisdiction of Puerto Rico, that may be related or might encumbered any right to the PROPERTY or "Christopher Columbus Landing" Project. Nevertheless, the BUYER can deduct from the payment of the Selling Price, any amount due and that may affect the title of the property or Project, such as but not limited to, the ones above referred, in order to receive the property free of any lien, encumbrances, professional services fees dues, and or any other affecting the property.

CMG withheld the payments set forth on the promissory note until the issue regarding Architect Pinas' claims over the permits package were settled.

22.    While the cases in the United States Court for the District of Puerto Rico and the case in the Civil District Court for the Parish of Orleans in the State of Louisiana were pending, Koeninger and Erikon did nothing to collect on the December 27, 2006 promissory note.

23.    However, on April 27, 2007, the parties to the cases mentioned in the preceding paragraph settled their differences.  Although not a party to the settled actions, CMG was a pivotal actor in securing the aforementioned settlement, something which brought about

substantial expenses to CMG and its President, Mr. Reynaldo Vincenty.

24.    After the settlement mentioned in the preceding paragraph, Koeninger and Erikon

requested—and are still requesting—from the plaintiff straight compliance with the terms of the

December 27, 2006 promissory note,   Defendants seem to disregard the economical and mental

damages which their delay in delivering a clean and clear title to the plaintiff over the permits

package brought upon the latter.  The fact is, however, that the litigations involving Architect

Pina caused the plaintiff substantial economic expenses and mental anguishes.  The plaintiff

contends, therefore, that, due to defendants' misrepresentations regarding the unencumbered

nature of the permits package, entitle them to a corresponding shift in the due dates originally

stated in the promissory note, including, without limitation, an extension of the covenant to not

negotiate, assign, transfer or otherwise negotiate the promissory note in question.

25.    The defendants disagree with the plaintiff, however, and have threatened to sue it.

Therefore, the controversy here raised is not mere speculation, but a real and actual issue among

the parties.

## VI.    CAUSES OF ACTION:

### A.    Breach of Contract

26.    To the extent that defendants concealed to the plaintiff that there were

controversies with Architect Evelio Pina Perez about his partnership with the defendants and,

more important, to the extent that they represented to the plaintiff that the permits package for the

Christopher Columbus Landing Project had no liens, indebtedness or any other encumbrances,

defendants fraudently induced the plaintiffs to entered into the contracts subject of this case.

27.    While defendants eventually cured their misrepresentations and violations

regarding the permits package, the time spanned in so doing brought about substantial damages to the plaintiff, including, without limitation, that the plaintiff could not start developing the Christopher Columbus Landing Project as expected.

28.     Section 3052 of Puerto Rico Laws Annotate provides in pertinent part:

> § 3052 Right to rescind mutual obligations
>
> The right to rescind the obligations is considered as implied in mutual ones, in case one of the obligated persons does not comply with what is incumbent upon him.
>
> The person prejudiced may choose between exacting the fulfilment of the obligation or its rescission, with indemnity for damages and payment of interest in either case. He may also demand the rescission, even after having requested its fulfilment, should the latter appear impossible.

29.     In accordance with the aforementioned legal framework, the plaintiff is entitled to exacting the fulfilment of the pertinent obligations—in this case, the extended payment of the promissory note installments to account for the time that the litigation with Architect Pina overstepped the original payment terms on the promissory note, plus the damages generated as the result of such delay.

**WHEREFORE**, plaintiff prays to this Honorable Court to issue a judgement ordering that the payment terms encompassed in the promissory note executed by the plaintiff be displaced for a time equal to that which took the defendants to cure their misrepresentation in the underlying agreements.  Plaintiff further request from this Court to award damages as determined at trial, plus interests, costs and attorneys' fees.

Respectfully submitted in San Juan, Puerto Rico, this July 11, 2007.


S/Pablo Landrau Pirazzi
U.S.D.C.P.R. No. 203113
Attorney for the Plaintiff
P.O. Box 21341
Rio Piedras Station
San Juan, Puerto Rico 00928
Tel. No. (787) 504-1155
Fax. No. (787) 293-5816
E-Mail pablolegal@prtc.net